**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Phyllis Gaither Montague, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Dixie National Life Insurance Company )<br>and National Foundation Life Insurance )<br>Company, )<br>)<br>Defendants. )<br>_____ ) | C.A. No.: 3:09-687-JFA<br><br><br><br><br>**ORDER** |

This matter is before the court upon Plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23. This court previously certified a similar class in a lawsuit against Defendants in *Ward v. Dixie National Life Insurance Company*, 595 F.3d 164 (4th Cir. 2010). This action seeks to certify a putative class comprised of members with the same claims as those presented in *Ward*, but who entered into a cancer policy prior to June 4, 2008, and were paid benefits under the policy after the same date. Specifically, Plaintiff seeks the certification of a class of plaintiffs who meet the following definition:

> All persons insured at any time from June 4, 2008 to the present by Defendant Dixie National Life Insurance Company under policies sold in South Carolina possessing internal policy numbers of CP-1001, CP-1001A, CP-1003, CP-1004, and CP-1005, and who have filed a claim for benefits relative to the "actual charges" provisions contained within these policies that has been paid, since June 4, 2008, by Defendant National Foundation Life Insurance Company in conformity with S.C. Code Ann. § 38-71-242 rather than in conformity with the definition of "actual charges" set forth within *Ward v. Dixie Nat. Life Ins. Co.*, 257 F. App'x 620 (4th Cir. 2007)

(unpublished).

> Excluded from the class are the officers, directors, and employees of the Defendants.

(Plf.'s Mot. for Class Cert. at 1.) The parties have fully briefed the issue, and after reviewing the briefs and hearing oral argument, the court grants Plaintiff's motion. In doing so, however, the court slightly modifies the class definition.

## **BACKGROUND**

Named Plaintiff Phyllis Gaither Montague contracted with Dixie National Life Insurance Company ("Dixie") to purchase a cancer policy. The policy provided that the insurer would pay all actual charges for certain medical procedures. In 1994, National Foundation Life Insurance Company ("National") purchased from Dixie Plaintiff's cancer policy via an assumption reinsurance agreement, and in late 1994, Central United Insurance Company ("Central") assumed many policies of insurance from Dixie, including policies similar to that of Plaintiff's. The policies assumed by Central were in states other than South Carolina. Plaintiff is suing for breach of the terms of the cancer policy and contends that, although the insurance contract provided that actual charges would be paid, Defendants paid charges negotiated by the insured's primary insurer. The "actual charge," as defined by Plaintiff, is the amount billed a patient by a healthcare provider. The "negotiated fees" is the amount which may be accepted by the medical provider pursuant to an agreement with the insured's primary insurer. Plaintiff has moved to 1) certify this action as a class action; 2) adopt the proposed class definition; 3) appoint Montague as class representative; and 4) appoint lead plaintiff's counsel as class counsel.

## ANALYSIS

Federal Rule of Civil Procedure 23(a) provides that one or more members of a class may sue as representative parties on behalf of all only if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Every class action must satisfy the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation, with "the final three requirements of [the rule] 'tend[ing] to merge,' [so that] commonality and typicality '[serve] as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009) (quoting *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 337 (4th Cir. 1998) and *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, n.13 (1982)).

In addition to satisfying the conditions enumerated in Rule 23(a), Plaintiff must also demonstrate that the putative class satisfies one of the three sub-parts of Rule 23(b). In this case, Plaintiff invokes subsection (b)(3), which permits a class action if

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in

individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3). Plaintiff carries the burden of establishing each of these requirements for a class action. *See, e.g.*, *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006) ("[I]t is the plaintiff who bears the burden of showing that the class *does comply* with Rule 23.") (emphasis in original). At this stage, the class representatives need not establish its case on the merits; *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974); *Stastny v. Southern Bell Tel. & Tel. Co.*, 628 F.2d 267, 275 (4th Cir. 1980), nevertheless, some preliminary inquiry into the merits may be necessary for an intelligent determination of whether to certify the class. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1312–13 (4th Cir. 1978). Questions regarding the certification of a class action are left to the sound discretion of the district court, and any such decision by the court will only be reversed upon a showing of abuse of that discretion. *Stott v. Haworth*, 916 F.2d 134, 139 (4th Cir. 1990).

## I. Rule 23(a)'s Requirements

### A. Numerosity of the Parties

Plaintiff must first demonstrate that the purported class is so large that the joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). "There is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied. The issue is one primarily for the District Court, to be resolved in light of the

facts and circumstances of the particular case." *Kelley v. Norfolk & W. Ry. Co.*, 584 F.2d 34, 35 (4th Cir. 1978) (finding no error in the district court's determination that the numerosity requirement was not satisfied in a discrimination case where there were sixty-seven black employees, only eight of which were qualified for promotion, and there were twenty-five promotions during the time period in question). While there does not appear to be a specific number above which numerosity will be satisfied and below which numerosity will not be satisfied, "it is well settled that one or two will not meet the numerosity test." *Brown v. Eckerd Drugs, Inc.*, 669 F.2d 913, 917 (4th Cir. 1981). "A class action may be maintained only if 'the class is so numerous that joinder of all members is impracticable.'" 7A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1762 (2d ed. 1986). When determining impracticability, four factors are relevant: (1) the size of the class; (2) whether it is impossible for the court to obtain personal jurisdiction over some of the class members; (3) whether the rights and liabilities of the parties are in flux to such an extent that to make all members parties would result in great inconvenience; and (4) the nature of the action. *Id.* No one factor will automatically satisfy Rule 23(a)(1). *Id.*

Plaintiff asserts that the proposed class meets the numerosity requirement because fifty-three South Carolina residents were insured under Defendants' cancer policy during the relevant time period, each of whom also received benefits in conformity with S.C. Code Ann. § 38-71-242 rather than in conformity with the definition of "actual charges" set forth within *Ward v. Dixie Nat. Life Ins. Co.*, 257 F. App'x 620 (4th Cir. 2007). Plaintiff further contends that these members of the proposed class are dispersed

5

throughout South Carolina, making class treatment more preferable. Defendants, on the other hand, argue that Plaintiff has not met her burden of proving that the number of potential claimants makes joinder impracticable in this case. Because the putative class only consists of fifty-three members, all of whom live within South Carolina and are readily identifiable from Defendants' records, Defendants argues that joinder is practicable in this case.

After considering the parties' positions, the court finds Plaintiff has satisfied the numerosity requirement of Rule 23(a). Fifty-three class members make the joinder of each putative class member in this case impracticable. While the court acknowledges Defendants' contention that over one-half of the putative class members have stand-alone claims, in terms of the damages they might collect, the court is concerned that the treatment of the claims outside of the class action method would lead to checkerboard rulings throughout the state. Moreover, in light of the fact that the court has previously addressed similar issues in *Ward*, the court believes class treatment "would streamline the lawsuit" and be "a much more practical legal vehicle" for a suit of this nature than permissive joinder. *Bates v. Tenco Servs., Inc.*, 132 F.R.D. 160, 163 (D.S.C. 1990). Therefore, the court finds that the numerosity requirement of Rule 23(a)(1) is met.

**B. Questions of Law or Fact Common to the Class**

Rule 23(a)(2) requires "questions of law or fact common to the class." "The common questions must be dispositive and over-shadow other issues." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (citing *Stott v. Haworth*, 916 F.2d 134, 145 (4th Cir. 1990)). Commonality "requires little more than the presence of common

questions of law and fact." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (citing *Lienhart*, 255 F.3d at 146). In other words, there must be at least one material fact or legal issue shared by every class member. *Holsey v. Armour & Co.*, 743 F.2d 199, 216–17 (4th Cir. 1984). The main issue shared by each potential class member is the meaning of the term "actual charges" under South Carolina insurance law. Whether the negotiated rate or the original billing rate is the "actual charge" is the central issue for each potential class member. Therefore, the court finds that the commonality requirement of Rule 23(a)(2) is met.

C. **Typicality of Claims and Defenses of Class Representatives**

Rule 23(a)(3) requires the representative's claims be typical of the class as a whole. The named representative's claims must be similar enough to those of class members to assure that the class's interests are vigorously prosecuted. Wright & Miller, *supra*, at § 1764. The typicality requirement "is met if [Plaintiff's] claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theories." *Simpson v. Specialty Retail Concepts, Inc.*, 149 F.R.D. 94, 99 (M.D.N.C. 1993). In this case, the Plaintiff's claims arise from the same course of conduct that gives rise to the claims of all potential class members. Every potential class member contracted to have coverage for "actual charges" and was paid the negotiated rates. Therefore, the court finds that typicality requirement of Rule 23(a)(3) has been met.

D. **Adequacy of Representation**

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." "If the absent class members are to be conclusively bound by the result of an action prosecuted or defended by a party alleged to represent their interests, basic notions of fairness and justice demand the representation they receive be adequate." Wright & Miller, *supra*, at § 1765. Several factors are considered when making a determination on the adequacy of the representation. *Id.* First, even though quality of the representation is more important than quantity, most courts emphasize the number of representatives as compared with the total class membership when determining whether the named representatives fairly represent the class. *Id.* at § 1766. Competency of the representative's counsel and the individual interest of the named parties are also considered. *Id.* The size of the named party's interest is not determinative; however, a substantial financial stake in the outcome may indicate that class interests will be vigorously prosecuted. *Id.* at § 1767. Finally, it is imperative that the putative representative not have interests antagonistic to the class as a whole. *Id.* at § 1768.

The general rule is that to satisfy Rule 23(a)(4), "(1) counsel must be qualified, experienced, and generally able to conduct the proposed litigation; and (2) plaintiffs' claims must be sufficiently interrelated with and not antagonistic to the class claims." *Lott v. Westinghouse Savannah River Co.*, 200 F.R.D. 539, 561 (D.S.C. 2000). "The adequacy of plaintiffs' counsel, like that of the individual plaintiffs, is presumed in the absence of specific proof to the contrary. Furthermore, courts generally hold that the

employment of competent counsel assures vigorous prosecution." *South Carolina Nat'l Bank v. Stone*, 139 F.R.D. 325, 330–31 (D.S.C. 1991) (internal citations omitted).

Plaintiff has retained experienced counsel, who has extensive experience in complex litigations and class actions. Richard A. Harpootlian, Graham L. Newman, and Tobias G. Ward hereby are approved and appointed as class counsel. The second consideration under Fed. R. Civ. P. 23(a)(4) is whether the interest of the named plaintiff coincides with the general interests of the class. Given the identity of claims between Ms. Montague and the class members, there is no potential for conflicting interests in this action, and there is no antagonism between the interests of Ms. Montague and those of the class. Accordingly, Plaintiff Phyllis Gaither Montague is appointed as the class representative.

## II. Rule 23(b)'s Requirements

Rule 23(b)(3) requires a proposed class to establish that "common issues predominate over individual ones and that a class action [is] superior to other available methods of adjudication." *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003).

### A. Predominance

The predominance requirement under Rule 23(b)(3) is "far more demanding" than the commonality requirement of Rule 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). That is because "[t]he predominance inquiry 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 (4th Cir. 2001).

In this case, the main issue is that of liability—whether "actual charges" means the rate negotiated by a class member's third-party insurance carrier or the amount originally billed by the physician. Defendants contend that, in order for the court to adhere to the Fourth Circuit's ruling in *Ward I*, it will have to consider whether each of the class members actually received bills or invoices from his or her health care provider and that Plaintiff and the other putative class members should not be able to rely on a provider's list prices obtained from an explanation of benefit statements to prove their damages. Contrary to Defendants' position, the Fourth Circuit, in *Ward II*, concluded otherwise:

> Defendants next claim that the district court erred by awarding plaintiffs damages using explanation of benefit (EOB) statements alone, without also requiring each plaintiff to produce bills from their healthcare providers as proof of 'actual charges.' Under defendants' view, a proper calculation of damages would require both an actual bill (to reflect 'actual charges') and an EOB statement (to reflect the amount already paid).
>
> The bill received by a patient is not the only appropriate evidence of 'actual charges.' In fact, 'actual charges' are evidenced not only by patients' bills but also by EOB statements, in the row labeled 'Charge.' The district court's decision to use EOB statements to prove damages was therefore prudent. By including both 'actual charges' and amount paid, an EOB statement kills two birds with one stone, enabling the calculation of damages with half the paperwork. A requirement that each class member submit bills as additional proof of 'actual charges' would be unnecessary and impractical.

*Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010). As such, while the damages for each potential class member may differ, the damage calculation should be the same or similar for all potential claimants—"actual charges" less amount paid—and the court finds that the predominance requirement is met.

B. **Superiority**

Rule 23(b)(3) also requires a proposed class to establish that class treatment is "superior to other available methods for the fair and efficient adjudication of the controversy." Wright & Miller, *supra*, at § 1779. The Rule sets forth the following matters pertinent to the court's finding:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3)(A)–(D).

Plaintiff argues that each individual class member's interest in maintaining a separate action is minimal because the expense of a court action, when weighed against any potential individual recovery, is cost prohibitive. The court agrees that this weighs in favor of certifying the class. As for the second factor—other ongoing actions—the court is unaware of any ongoing actions.

> The third factor requires the court to:
>
> evaluate whether allowing a Rule 23(b)(3) action to proceed will prevent the duplication of effort and the possibility of inconsistent results, . . .[and] . . . whether the forum chosen . . . represents an appropriate place to settle the controversy, given the location of the interested parties, the availability of witnesses and evidence, and the condition of the court's calendar.

Wright & Miller, *supra*, at § 1780. Because all potential class members are South Carolina residents and potential witnesses and evidence is located in South Carolina, this court is a proper forum for this controversy. As for the fourth and final factor,

> [t]he severity of the management problems in a particular case may be reflected in such matters as the size or contentiousness of the class, the onerousness of complying with the notice requirements, the number of class members that may seek to intervene and participate, or the presence of special individual issues.

Wright & Miller, § 1780. This court has already managed a class action consisting of a larger class with similar claims; therefore, it has likely already addressed whatever difficulties might arise in the management of this class action. Accordingly, the court finds that the superiority requirement is met.

## CONCLUSION

Finding the factors in Rule 23(b)(3) favor class certification, and finding the requirements of Rule 23(a) are satisfied, the court grants Plaintiff's motion for class certification. Pursuant to Rule 23(c)(1)(B), the court certifies the following class:

> All persons insured prior to June 4, 2008 by Defendant Dixie National Life Insurance Company under policies sold in South Carolina possessing internal policy numbers of CP-1001, CP-1001A, CP-1003, CP-1004, and CP-1005, and who have filed a claim for benefits relative to the "actual charges" provisions contained within these policies that has been paid, since June 4, 2008, by Defendant National Foundation Life Insurance Company in conformity with S.C. Code Ann. § 38-71-242 rather than in conformity with the definition of "actual charges" set forth within *Ward v. Dixie Nat. Life Ins. Co.*, 257 F. App'x 620 (4th Cir. 2007) (unpublished).
>
> Excluded from the class are the officers, directors, and employees of the Defendants.

Notwithstanding this certification, the court reserves the right to decertify or otherwise modify the class at a future date. The class claims are those causes of action in Plaintiff's complaint, and within 15 days from the date of this order, Plaintiff's counsel shall file and serve a proposed Class Notice. Defendants shall have 15 days thereafter within which

to file objections, if any. Pursuant to Rule 23(g), the court appoints plaintiff's counsel as class counsel for this action.

The court also finds Plaintiff's motion for summary judgment to be premature, and accordingly dismisses it without prejudice. The court asks Plaintiffs to refile their motion in light of this court's order.

IT IS SO ORDERED.

October 19, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge