## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Phyllis Gaither Montague, on behalf of Herself and all others similarly situated, | ) ) ) | Civil Action No.: 3:09-00687-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |
| Dixie National Life Insurance Company and National Foundation Life Insurance Company, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This case was filed as a putative class action asserting, *inter alia*, claims for breach of contract and declaratory judgment pertaining to the adjustment of cancer and specified disease insurance policies sold by the Defendants. This matter came before the Court on August 15, 2011, for a final approval hearing upon the motion of Phyllis Gaither-Montague ("Plaintiff" or "Montague"), individually and on behalf of all others similarly situated, for final approval of a settlement reached between the Parties. Upon consideration of the motion, the settlement agreement filed with the court, together with exhibits thereto, and the affidavits and memoranda filed with the court, final approval of the proposed class action settlement is hereby ordered as follows.

1. The Settlement Agreement, and all rights and obligations described within, is hereby incorporated by reference in this Final Approval Order as if fully set forth herein. Capitalized terms, unless otherwise defined in this Order, shall have the same meaning as in the

Settlement Agreement. The Settlement Agreement shall include the Subsequent Agreement, defined below in paragraph 7.

2.  The Court notes that it previously ordered the certification of a class of plaintiffs in this case pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court reiterates its findings in this previous order and further notes that no fact or circumstance pertaining to the present settlement alters or affects the Court's previous ruling that class certification is appropriate in this case. The class of plaintiffs to whom this settlement pertains is defined as

> All persons insured prior to June 4, 2008 by Defendant Dixie National Life Insurance Company under policies sold in South Carolina possessing internal policy numbers of CP-1001, CP-1001A, CP-1003, CP-1004, and CP-1005, and who have filed a claim for benefits relative to the "actual charges" provisions contained within these policies that has been paid since June 4, 2008, by Defendant National Foundation Life Insurance Company in conformity with S.C. Code Ann. § 38-71-242 rather than in conformity with the definition of "actual charges" set forth within *Ward v. Dixie Nat. Life Ins. Co.*, 257 F. App'x 620 (4th Cir. 2007) (unpublished).

> Excluded from the class are the officers, directors, and employees of the Defendants.

The specific class members to whom this settlement pertains are set forth in Document No. 125 to the Court's electronic docket.

3.  The Court notes that it previously named as class counsel Attorneys Richard A. Harpootlian and Graham L. Newman of Richard A. Harpootlian, P.A. and Attorney Tobias G. Ward, Jr. of Tobias G. Ward, Jr., P.A. The Court reiterates its previous findings as to the propriety of these attorneys serving as class counsel and notes that no fact or circumstance pertaining to the present settlement alters or affects the previous rulings on this point.

4.  As set forth in the Class Notice, the Final Approval Hearing in this matter was scheduled for August 15, 2011 at 2:30 p.m. at the United States Courthouse in Columbia, South Carolina.

Notice was provided to Class Members by sending a direct mail notice to each of the Class Members' last known addresses. The Class Notice included all of the information required by Fed. R. Civ. P. 23(c)(2)(B). The Court finds that the Class Notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23 to provide due and sufficient notice of the Settlement to all persons affected by or entitled to participate in the Settlement.

5. The Court further finds that because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, or request exclusion from, the Settlement, it has jurisdiction over all Class Members and the Settlement and these proceedings have afforded Class Members due process of law.

6. Due to an unforeseen family emergency, the Court was unable to convene the hearing for a discussion of the proposed settlement. However, Class Counsel attended the hearing in order to speak with any class members who chose to attend pursuant to the terms of the Class Notice. Class Counsel have certified, under oath, that no class members attended the hearing or otherwise sought to address the Court.

7. During the class notice period, two class members objected to the terms of the proposed settlement. Class Counsel and counsel for the Defendants subsequently filed with the court a written agreement ("Subsequent Agreement") designed to address the concerns of the two objecting class members.

8. The two objecting class members, referenced in paragraph 7 above, withdrew their objections to the proposed settlement after being informed of the terms of the Subsequent Agreement.

9. Pursuant to Fed. R. Civ. P. 23, the Settlement of the Action, as embodied in the Settlement Agreement and the parties' Subsequent Agreement, is hereby finally approved as a fair,

reasonable, and adequate settlement and as being in the best interests of the Plaintiff, the Class, and each Class Member in light of factual, legal, practical, and procedural considerations. In giving the Settlement final approval, the Court makes the following findings:

(a) The Court finds the Settlement is fair, the result of good faith bargaining, and not the product of collusion. In so finding, the Court has considered "the posture of the case at the time settlement was proposed" and "the extent of discovery that ha[s] been conducted," *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991), and notes that the Settlement followed significant discovery, motions practice, and two years of protracted litigation. The Court has also evaluated "the circumstances surrounding the negotiations." *Id.* The negotiations began only after the Court entered judgment on behalf of the class, but prior to post-judgment motions and any appeal. Finally, the Court has considered "the experience of counsel in the area of . . . class action litigation," *id.*, and notes that Class Counsel are experienced in class action litigation. After considering these factors and making the appropriate factors, the Court finds the Settlement to be fair and not the result of collusion.

(b) The Court also finds the Settlement to be reasonable and adequate. The monetary value of the class settlement is substantial, particularly when compared to the value of the judgment entered on behalf of the class on June 20, 2011. In exchange, Defendants waive the right to seek post-judgment relief and the right to appeal this Court's judgment. Finally, the Court notes the "degree of opposition to the settlement," *id.*, and notes that all objections to the terms of the settlement have been withdrawn and that no class member

requested to address the Court or otherwise appeared at the scheduled hearing on August

15, 2011.

Accordingly, the Settlement Agreement is approved and shall govern all issues regarding the

Settlement and all rights of the Parties and the Class Members. The terms of the Settlement,

as embodied in the Settlement Agreement, are hereby given final and complete effect. The

Settlement is binding on all Class Members.

10. The Court finally directs that all monies paid into the Court as a result of the Settlement

Agreement and any interest accruing therefrom be disbursed to Richard A. Harpootlian, P.A.

for delivery to class members pursuant to the terms of the Settlement Agreement and

payment of the class representative award, attorneys' fees, and reimbursement of costs

approved by the Court.

11. Representative Plaintiff, Class Counsel, and each and every Class Member shall be forever

bound by this Order and the Settlement Agreement, including the Release and covenants not

to sue set forth in paragraph 4.2 of the Settlement Agreement, and incorporated by the

Subsequent Agreement, which provides as follows:

> **4.2** Class Representatives, each Class Member who has not opted out of the Settlement in
> accordance with the terms of this Agreement, and each of their respective executors,
> representatives, heirs, successors, bankruptcy trustees, guardians, and all those who
> claim through them or who assert claims on their behalf, will be deemed to have
> completely released and forever discharged the Released Parties, and each of them,
> from the Court's June 20, 2011 Monetary Judgment and from any and all claims,
> demands, suits, actions, causes of action, whether in tort, contract or otherwise,
> specifically including, but not by way of limitation, causes of action for breach of
> contract, breach of the common law duty of good faith and fair dealing, breach of
> contract accompanied by fraudulent act, bad faith causes of action, statutory causes of
> action, insurance code or statutory violations, negligence, gross negligence, fraud,
> misrepresentation, intentional misrepresentation, negligent misrepresentation, as well as
> all claims, demands, or rights for recovery of any compensatory damages, costs, loss of
> service, loss of support, extra contractual damages, punitive damages, exemplary
> damages, attorneys' fees, medical expenses, medical bills, hospital expenses, expenses in
> general, and compensation whatsoever, which were or could have been asserted herein

by said Phyllis Montague and/or the Class Members, or which said Phyllis Montague and the Class Members may have or claim to have or shall ever have in the future against Defendants or any Released Party, arising or accruing prior to June 20, 2011.

12. Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation, or enforcement of the Agreement and this Order.

    IT IS SO ORDERED.

August 16, 2011                       Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge