**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Phyllis Gaither Montague, on behalf of Herself and all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Dixie National Life Insurance Company )<br>and National Foundation Life Insurance )<br>Company,  )<br>)<br>Defendants  )<br>_____) | Civil Action No.: 3:09-00687-JFA<br><br><br><br>**ORDER APPROVING ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVE INCENTIVE AWARD** |

This matter is before the Court on the petition of Class Counsel, as attorneys for Plaintiff Phyllis Gaither-Montague ("Montague") and the Class, for the approval of Attorneys' Fees, reimbursement of costs and expenses, and payment of a Class Representative Incentive Award in conjunction with the Final Settlement of this case. For the reasons stated herein, the Petition is granted.

**FACTUAL FINDINGS**

On June 8, 2011, this Court entered summary judgment in favor of Montague and the Class on their breach of contract and declaratory judgment claims against the Defendants, Dixie National Life Insurance Company ("Dixie") and National Foundation Life Insurance Company ("NFL"). The Court accepted Montague's method of calculating damages in its Order, but withheld entry of a judgment on compensatory damages subject to the submission of final numbers from Plaintiff's expert. *See* Dkt. 120 at 46. Having completed the revised itemization of compensatory damages requested by the Court, Montague and the Class filed their expert report establishing contractual damages of $3,396,789.55. *See* Dkt. 121.

Subsequent to the filing of the updated expert report, this Court entered judgment on behalf of the Plaintiff class. *See* Dkt. 127. The judgment amount is 100% of the damages requested by Class Counsel. In exchange for waiving any right to appeal the June 8, 2011 order and satisfying the judgment entered against Dixie and NFL, the Plaintiff has agreed to settle this matter for the payment of $3,362,822.00, or 99% of the monetary judgment in this case. Class Counsel now request an award of attorneys' fees of $1,109,731.26, or 33% of the settlement amount.[1] Class Counsel also request an award of $7,500 as a class representative incentive award to Phyllis Gaither-Montague.

Appropriate notice of this petition for attorneys' fees and incentive award (and the basis thereof) was provided to all class members via the Class Notice previously approved by this court. No class members have objected to the petition.

## ANALYSIS

The procedure for awarding attorneys' fees in the class action context is controlled by Rule 23(h).

> In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

---

[1] Subsequent to the calculation of the settlement amount, Class Counsel discovered that certain class members may be entitled to compensation in addition to what was set forth in the judgment. Via agreement with the settling Defendants, such benefits will be paid directly to the class members entitled to those benefits. To avoid necessitating an additional notice period for the approval of attorneys' fees, however, Class Counsel have waived any request for attorneys' fees otherwise associated with those additional benefits.

>  (2) A class member, or a party from whom payment is sought, may object to the motion.
>
>  (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

Fed. R. Civ. P. 23(h). Rule 54(d)(2)(B) further clarifies the necessary content of the motion for attorneys' fees.

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and
>
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2).

The Supreme Court has "recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to reasonable attorney's fees from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, (1980). Historically, attorneys' fees awarded from a common fund have been calculated as a percentage of the fund. *See* Federal Judicial Center, *Manual for Complex Litigation (Fourth)* § 14.121 at 187 (2004) (footnotes omitted). *See also Camden I Condominium Assoc. v. Dunkle*, 946 F.2d 768, 771-74 (11th Cir. 1991) (discussing the history of common fund fee awards). "The vast

majority of courts of appeals now permit or direct district courts to use the percentage-fee method in common fund cases." *Manual for Complex Litigation (Fourth)* § 14.21 at 187.

A total fee of 33 percent for all work performed in this case is well within the range of what is customarily awarded in settlement class actions. An award of fees in the range of 33% of the fund for work performed in the creation of a settlement fund has been held to be reasonable by many federal courts. *See also, e.g., In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-307 (3d Cir. 2005) (review of 289 settlements demonstrates "average attorney's fees percentage [of] 31.71% with a median value that "turns out to be one-third"); *In re Newbridge Networks Sec. Litig.*, No. Civ. A. 94-1678, 1998 WL 765724 (D.D.C. Oct. 23, 1988) (awarding 30% of settlement fund plus $150,864.82 in expenses); *Cullen v. Whitman Medical Corp.*, 197 F.R.D. 136, 150 (E.D. Pa. 2000) ("the award of one-third of the [settlement] fund for attorneys' fees is consistent with fee awards in a number of recent decisions within this district"); *In re Crazy Eddie Sec. Litig.*, 824 F.Supp. 320 (E.D. N.Y. 1993) (awarding approximately 33.8% from $42 million settlement fund plus $2 million in expenses); *In re Bioscience Sec. Litig.*, 155 F.R.D. 116, 117 (E.D. Pa. 1994) (awarding 30% fee award from 5.2 million settlement fund).

It must also be noted that the requested attorneys' fee percentage is identical to that awarded to Class Counsel in the predecessor case of *Ward v. Dixie National Life*. *Ward v. Dixie Nat. Life Ins. Co.*, Civil Action No. 3:03-3239-JFA (Dkt. 403).

As an additional consideration, even though the fees typically awarded in settlement class actions are similar to or even higher than the fee percentage sought by Class Counsel herein, this is not a typical settlement class action. The summary judgment on the breach of contract and declaratory judgment claims in favor of Gaither-Montague and the Class was won only after

fully briefed dispositive motions. Very few class actions are ever litigated to judgment as in this case. *See Allapattah Serv. Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1210 (S.D. Fla. 2006).

A 33% fee award from the common fund in this case is consistent with what is routinely privately negotiated in contingency fee litigation. In non-class contingency fee litigation, a 30% to 40% contingency fee is typical. "[A] one-third fee is a common benchmark in private contingency fee cases. That bench mark is then often adjusted upward to 40% or higher in the event of an appeal." *See Allapattah Serv. Inc.*, 454 F.Supp.2d at 1212 (citations to studies and reports omitted). *See also In re Orthopedic Bone Screws Products Liability Litig.*, No. 97-381, 2000 WL 1622741 (E.D.Pa. Oct. 23, 2000)("plaintiffs' counsel in private contingency fee cases regularly negotiate agreements providing for thirty to forty percent of any recovery."); *Durant v. Traditional Invest., Ltd.*, No. 88-9048, 1992 WL 203872 (S.D.N.Y. Aug. 12, 1992)("contingent fee agreements up to forty percent have been held to be reasonable"); *McKenzie Constr., Inc. v. Maynard*, 823 F.2d 43, 45 (3d Cir. 1987) (holding 33% contingency fee reasonable).

Accordingly, the Court finds that the requested percentage award in this case of 33 percent for attorneys' fees is reasonable in light of the evidence establishing that the market rate for private contingency fees is in the range of 33 1/3 percent to 40 percent, the precedent finding that attorneys' fees in the range of 30 percent of a settlement fund are reasonable, and the additional circumstances of this case addressed in further detail below.

As noted above, the proposed settlement amount consists of 99% of the judgment awarded to the Class on June 20, 2011. The settlement amount represents a 1% discount of the value of the judgment in exchange for avoiding the risks and delay inherently associated with post-judgment motions and appeal. This is a good result for the class members.

Class Counsel are skilled and experienced attorneys. Their skill is demonstrated by the effective prosecution of this action to date and the Court's previous recognition of their success in these matters. See *Ward v. Dixie National Life*. *Ward v. Dixie Nat. Life Ins. Co*., Civil Action No. 3:03-3239-JFA (Dkt. 403)("[T]he litigation of this case involved considerable costs, yielded a favorable result, and required a great deal of effort by highly-skilled attorneys.")

This case presented unique issues and complications. Class Counsel successfully defended several rounds of dispositive motions, including but not limited to precarious issues surrounding the retroactive application of state legislation allegedly designed to overturn the Fourth Circuit's *Ward* rulings.

The litigation has been actively litigated for over two years. This case was hotly contested both on the merits of the claims and the issue of class certification. There have been numerous discovery and dispositive motions. These facts provide support for a 33 percent fee award.

Courts recognize that the risk of receiving no recovery is a major factor in awarding attorneys' fees and it is the primary aspect of a contingency fee case that supports a percentage fee recovery. Courts note that the riskier the case, the greater the justification for a substantial fee award. *See, e.g.*, *In re Ins. Brokerage Antitrust Litig*., MDL 1663, 2007 WL 2916472, at *5 (D.N.J. Oct. 5, 2007) (citing *In re Prudential-Baache Energy Income P'ships Sec. Litig*., No. 888, 1994 WL 202394 (E.D. La. May 18, 1994).

The successful outcome in this case was far from certain. Montague faced many legal and procedural hurdles in her prosecution of this claim, including the burden of surviving the enactment of S.C. Code Ann. § 38-71-242—a statute which purported to change the meaning of a term within her insurance policy (and the policies of the class).

6

It is not uncommon, despite excellent representation, that class claims are ultimately unsuccessful. *See, e.g.*, *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation grounds and judgment entered for defendant); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997) (affirming lower court's granting of summary judgment for defendants). Accordingly, the risks of non-payment in this case weigh in favor of approving the fee request.

Class Counsel were required to devote considerable time to advocate the contractual rights of Mrs. Gaither-Montague and the Class. The record of this case establishes that Class Counsel have expended numerous hours in prosecuting this case to judgment.

In addition to attorneys' fees, Class Counsel also seek the approval of an Incentive Award to be paid to the Class Representative from the common fund. At the conclusion of a successful class action case, it is common for courts exercising their discretion, to award special compensation to the class representative in recognition of the time and effort they have invested for the benefit of the class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). *See also Bogosian v. Gulf Oil Corp.*, 621 F.Supp. 27, 32 (E.D. Pa. 1985) ("The propriety of allowing modest compensation to class representatives seems obvious"); *Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 299-300 (N.D. Cal. 1995) (awarding $50,000 to the named plaintiff); *In re Dunn & Bradstreet Credit Serv. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) (awarding $55,000 each to two named plaintiffs).

The Court finds that an incentive award of $7,500 to Phyllis Gaither-Montague accurately reflects her efforts on behalf of the Class. All evidence suggests that Mrs. Gaither-Montague has actively and effectively fulfilled her obligations as Class Representative and has worked closely with the attorneys since the inception of this litigation.

7

## **CONCLUSION**

For all of the foregoing reasons, the Court approves Class Counsels' petition for attorneys' fees of $1,109,731.26 and the Class Representative incentive award of $7,500.

IT IS SO ORDERED.

August 17, 2011                                Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge